**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1755-17T3

BRENDA TAYLOR,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted December 11, 2018 – Decided January 8, 2019

          Before Judges Geiger and Firko.

          On appeal from the New Jersey State Parole Board.

          Rawle & Henderson LLP, attorneys for appellant (Derek E. Barrett, on the brief).

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

In 2013, petitioner Brenda Taylor – a prison inmate – pleaded guilty to one count of second-degree robbery, N.J.S.A. 2C:15-1, after attempting to rob a cab driver at knifepoint while under the influence of heroin and crack cocaine. She was sentenced to a five-year term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to a three-year period of mandatory parole supervision following her release from custody.

In 2017, petitioner became eligible for parole and received her conditions for mandatory supervision that included "refrain[ing] from the purchase, use, possession, distribution, or administration of any narcotic drug, controlled dangerous substances, or controlled substance . . . ." She was also prohibited from "frequenting establishments whose primary purpose is the sale of alcohol." Approximately a month after her release, Taylor was arrested after admitting to using cocaine. Two wax folds in her wallet marked "diesel" were found and suspected to be heroin.

After being served with a notice of probable cause hearing, Taylor waived her right to same, thereby converting the proceeding to a final parole revocation hearing. Laboratory test results were positive for cocaine use, and Taylor acknowledged violating the terms of her parole. She pleaded guilty to the parole violation and apologized for her behavior. The hearing officer recommended

that Taylor's parole be revoked based upon a finding by clear and convincing evidence that she violated her parole conditions and he imposed a fourteen-month future eligibility term (FET). Taylor administratively appealed. The full Parole Board issued a final agency decision on July 14, 2017, revoking parole and establishing a fourteen-month FET.

Petitioner appeals, arguing:

> THE N.J. STATE PAROLE BOARD'S DENIAL OF PAROLE WAS ARBITRARY AND CAPRICIOUS IN THAT IT IGNORED INCONSISTENCIES IN THE RECORD TO ACHIEVE A PRE-DETERMINED RESULT.

Parole Board decisions are highly "individualized discretionary appraisals." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). Such decisions are entitled to both a presumption of validity, In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), and deference to the Parole Board's "expertise in the specialized area of parole supervision . . . ." J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We do not intervene in such determinations unless they are: arbitrary, capricious, or unreasonable; lack fair support in the evidence; or violate legislative policies. Trantino v. N.J. State Parole Bd., 154 N.J. 19,

A-1755-17T3

24-25 (1998). We defer to the Parole Board's decision to impose a particular FET so long as it is not arbitrary and capricious or unsupported by substantial credible evidence. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179-80 (App. Div. 2004) (citing Trantino, 166 N.J. at 173).

Taylor contends that the Board relied upon "inaccurate" information, that it was only interested in revoking her parole, and that it improperly recited her criminal history, including her juvenile record and drug use. The so-called "inaccuracies" Taylor refers to include the Board's decision which states, "you admitted to having used cocaine on May 5, 2017 and having used and possessed heroin on May 5, 2017." Taylor contends that she denied using or possessing heroin, and that the substance found on her person was only assumed to be heroin, but this was never confirmed. The record also reflects that Taylor denied any use or possession of heroin and opioids, but she admitted to cocaine use.

We are not persuaded by petitioner's argument. The fact remains that Taylor admitted using cocaine and violating the conditions of her parole. Despite her claims that there was only "one lapse," there is no question that Taylor violated her parole conditions multiple times. For example, she frequented restaurants that served alcohol on two separate occasions, including one incident where she stated "she [was] going to get fucked up," in a video that

4

she posted on Facebook. Taylor also continued to reside with her mother, after being informed that she was not allowed to do so because of "potential issues" her mother had with the Division of Child Protection and Permanency. When Taylor was told that a curfew may need to be imposed in her case, she responded that she would "refuse to cooperate" with it. We are not persuaded by her argument that these instances qualify as "one lapse," and that she deserves another chance of parole.

When inmates are sentenced to parole supervision, they are "subject to the provisions and conditions set by the appropriate [B]oard panel." N.J.S.A. 30:4-123.51b(a). The Board has the authority to revoke a person's parole and return him or her to custody for the remainder of their terms, "or until it is determined, in accordance with regulations adopted by the [B]oard, that the person is again eligible for release . . . ." Ibid. The Board may revoke a person's parole only by proof of clear and convincing evidence that defendant "has seriously or persistently violated the conditions[,]" N.J.S.A. 30:4-123.60(b); N.J.S.A. 30:4-123.63(d), or that person has been convicted of a crime while on release. N.J.S.A. 30:4-123.60(c).

Although the Legislature has not defined "the type of conduct it intended to capture within the statutory standard – 'seriously or persistently violated[,]'

[a]nd the Board has not adopted a regulation to guide exercise of its expertise to distinguish cases in which the parole should and should not be revoked[,]" the Board has determined that drug use is a severe parole violation.  Hobson v. N. J. State Parole Bd., 435 N.J. Super. 377, 382 (App. Div. 2014) (reversing the Board's finding that there was clear and convincing evidence of a serious parole violation, only because the substance found on the parolee was not confirmed to be illicit).  We agree that defendant's use of cocaine while on probation was a severe parole violation warranting revocation.

Lastly, Taylor contends that the Board did not make a finding that she would commit another crime or "why one non-violent lapse makes one likely to commit another crime."  She accused the Board of "re-hash[ing]" her criminal record, instead of evaluating her propensity for recidivism.  The Board was concerned with Taylor's history that:

> she has been using a variety of illegal drugs for the past fifteen years (marijuana, PCP, cocaine, heroin); the fact that [she] [has] nine prior juvenile adjudications and twenty-one prior adult convictions; the fact that [she] [has] had four prior opportunities for community release, supervisions and treatment (at least [three] drug treatment programs), each of which such opportunity was followed by a near immediate return to criminal activity and drug use.

A-1755-17T3

Having reviewed the record, we conclude that there was clear and convincing evidence that Taylor violated the conditions of her parole. It is undisputed that Taylor used cocaine, and that this violation was of a magnitude and significance to support parole revocation. In accord with our standard of review, we also conclude that the Board's determination was not arbitrary, capricious, or unsupported by substantial credible evidence in the record. <u>Hare</u>, 368 N.J. Super. at 179-80.

We find insufficient merit in petitioner's arguments to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1755-17T3